*A. Ellison*, for the appellant.

*S. J. Stoughton*, for the State.

---

THE STATE on the relation of McCLAIN *v.* O'HAVER and Others.

Suit on a sheriff's bond. Breach, levying on real estate when the execution-defendant, who is relator, had personal property subject to execution sufficient to pay the debt. Answer—1. A general denial. 2. That the land was sold with the knowledge and consent of relator; that it was purchased for him by one *B.;* and that relator furnished the money. 3. That relator gave up the lands on execution. Reply, taking issue upon the second and third paragraphs. Trial by the Court. Finding against relator.

*Held,* that there was no issue upon the second clause of section 444, 2 R, S. p. 136.

*Held,* also, that if there was evidence tending to show that relator's messuage was sold, it was irrelevant.

The Supreme Court will not scrutinize closely questions upon the weight of evidence, like that made in this case under the third issue.

APPEAL from the *Hendricks* Circuit Court.

STUART, J.—Suit on the official bond of *O'Haver* as sheriff. The issues were tried by the Court; finding and judgment for the defendants. The State, (*McClain* relator,) appeals.

The evidence is all made part of the record in proper form.

The several breaches assigned are substantially the same, viz., that *O'Haver* as sheriff, &c., having in his hands an execution for 130 dollars against *McClain*, levied upon and sold certain real estate while the execution-defendant had personal property subject to execution, of the value of 2,000 dollars.

It appears that the real estate sold on execution for 268 dollars, was alleged to be of the value of 1,200 dollars.

The State answered the breaches in several paragraphs. The fourth and fifth paragraphs of the answer were held bad on demurrer. As no error is assigned on this ruling of the Court below, nor exceptions taken, no question is before us on the demurrers.

The other paragraphs led to issues of fact. The first is a general denial and issue.

The second paragraph sets up that the land was sold with the knowledge and consent of *McClain;* that it was purchased for him by one *Baker;* and that he, the relator, furnished the money.

The third paragraph alleges that *McClain* gave up the land on execution.

The State replied, denying the matter set up in the second and third paragraphs.

On these issues the cause was submitted to the Court for trial. Finding, as above, against the relator.

It is insisted in argument, that in overruling the motion for a new trial, the Court below failed to give a proper construction to section 444, 2 R. S. p. 136. The section referred to provides that, "In all cases where the personal estate of the debtor, subject to execution, is insufficient to satisfy the execution, the real estate shall be exempt from levy and sale until the personal property is levied upon and sold, unless the debtor shall direct otherwise." It is further provided, that the messuage, or place of residence, shall be exempt from levy, unless

other property sufficient to satisfy the debt cannot be found.

On the second clause of the section there is no issue in the record. If there is evidence tending to show that *McClain's* messuage was sold, it must be disregarded as irrelevant. The pleadings make no direct issue on the sale of the messuage.

The evidence tends to make such a case, under the third issue on the first clause of the section, that even if we were dissatisfied with the finding, we should not feel at liberty to disturb it. It is a question on the we'ght of evidence, which will not be scrutinized very closely.

*Per Curiam.*—The judgment is affirmed with costs.

*C.·C. Nave*, for the State.

*J. S. Harvey, H. C. Newcomb* and *J. S. Miller*, for the appellee.